1  NORMAN J. WATKINS – SBN 87327
   nwatkins@lynberg.com
2  SHANNON L. GUSTAFSON – SBN 228856
   LYNBERG & WATKINS
3  A Professional Corporation
   1100 Town & Country Road, Suite 1450
4  Orange, California 92868
   (714) 937-1010 Telephone
5  (714) 937-1003 Facsimile

6  Attorneys for COUNTY OF ORANGE and ORANGE COUNTY SHERIFF'S
   DEPARTMENT
7

*NOTE CHANGES MADE BY THE COURT.*

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10   DAVID CHRISTIAN, fka DAVID          CASE NO. SACV 11-0655 AG (AGRx)
     CHRISTIAN BARTOSIEWSKI,
11                                        *Assigned for All Purposes to:*
                                          *Hon. Andrew J. Guilford – Crtrm 10D*
12            Plaintiff,

13                                        **STIPULATION AND [PROPOSED]**
                                          **ORDER FOR PROTECTIVE**
14     vs.                                **ORDER**

15   COUNTY OF ORANGE, a public
     entity; ORANGE COUNTY               **DISCOVERY MATTER**
16   SHERIFF'S DEPARTMENT, a public      Assigned to Magistrate Judge
     entity; and DOES 1 THROUGH 10,      Alicia G. Rosenberg
17   inclusive,

18
              Defendant.                 *NOTE CHANGES MADE BY THE COURT.*
19

20

21

22

23

24

25

26

27

28
                                      1
─────────────────────────────────────────────────────
       **STIPULATION AND [PROPOSED] ORDER FOR PROTECTIVE ORDER**

## STIPULATION

Defendants by and through their attorneys of record, Lynberg & Watkins, a professional corporation, and Plaintiff, David Christian, by and through his attorney of record, Vincent J. Tien hereby stipulate, as follows:

1.     Any documents and/or videos which Defendants produce to Plaintiff either in accordance with a court order or in response to discovery requests and which are part of the Orange County Sheriff's Department's policy and procedures, contained within any deputies personnel file, are part of any investigation, or contain information pertaining to third parties that are not parties to this lawsuit are to be designated as "confidential material." Such designation shall be made by stamping or otherwise marking the documents prior to production or use in this litigation as follows:

### "CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER"

2.     If any information and/or documents which are the subject of this Protective Order are discussed, in any way, during a deposition, said portion of the deposition transcript shall be treated as confidential material subject to this protective order.

3.     Confidential material shall be used solely in connection with the preparation and trial of the within case, CASE NO. SACV 11-0655 AG (AGRx) or any related appellate proceeding, and not for any other purpose, including any other litigation.

4.     Confidential material may not be disclosed except as provided in paragraph 6.

5.     Confidential material may not be disclosed, except as provided in paragraph 6, even if it is within the scope of a subpoena requesting this information, without first applying to the Court for an order removing the confidential material designation from any such documents.

6.     Confidential material may be disclosed only to the following persons:

STIPULATION AND [PROPOSED] ORDER FOR PROTECTIVE ORDER

(a)     Counsel for any party and any party to this litigation;

(b)     Paralegal, investigator, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a);

(c)     Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

(d)     Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party; and

(e)     Any "in-house" expert designated by either party to testify at trial in this matter.

Nothing in paragraph 6 is intended to prevent officials or employees of the County of Orange or other authorized governmental officials from having access to the documents if they would have had access in the normal course of their job duties.  Further, nothing in this order prevents a witness from disclosing events or activities personal to him or her, that is, a witness can disclose to others information previously given to the County of Orange with respect to what he or she saw, heard or otherwise sensed.

7.     Each person to whom disclosure of "Confidential" documents is made, with the exception of counsel and those made in Paragraph 6, who are presumed to know the contents of this protective order, shall, prior to the time of disclosure, be provided by the person furnishing him/her such material a copy of this order, and shall agree on the record or in writing that he/she has read the protective order, and that he/she understands the provisions of the protective order.  Such person also must consent to be subject to the jurisdiction of the Central District of California with respect to any proceeding relating to enforcement of this order, including without limitation, any proceeding for contempt.  Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation.

3

STIPULATION AND [PROPOSED] ORDER FOR PROTECTIVE ORDER

8.      If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, the parties will request that the documents subject to this protective order be filed under seal in accordance with Central District Local Rule 79-5.1.

9.      At the conclusion of the trial and of any appeal or upon termination of this litigation, all confidential material received under the provisions of this order (including any copies made and/or any computer materials made or stored) shall be tendered back to counsel for the County of Orange within 30 days.  Provisions of this order in so far as they restrict the disclosure and use of the material shall be in effect until further order of this Court.

10.     The foregoing is without prejudice to the right of any party:

(a)     To apply to the Court for a further protective order relating to confidential material or relating to discovery in this litigation;

(b)     To apply to the Court for an order removing the confidential material designation from any documents; and

(c)     To apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of confidential material beyond the terms of this order.

11.     Because the damages that disclosure of this confidential material in violation of this protective order may cause are impossible to measure, if Plaintiff's counsel fails to return all documents produced pursuant to this protective order as provided by Paragraph 9 within 30 days, Defendants may bring a noticed motion to enforce this stipulation.

12.     If any party wishes to designate any additional items as being covered by this protective order, that party must first either obtain a stipulation from all counsel, or must obtain permission from the court by way of ~~regularly-noticed~~ motion *pursuant to Local Rule 37*.  If any party provides notice of its intent to designate additional items as being covered by this protective order, all parties must treat the designated items as

4

STIPULATION AND [PROPOSED] ORDER FOR PROTECTIVE ORDER

1  confidential until a stipulation is signed or until the court rules on the moving

2  party's motion.  If however, the party seeking to protect additional items does not

3  file its motion within two weeks of giving notice to the other parties, any party

4  wishing to keep the testimony public may deem the issue to have been abandoned.

5      13.     GOOD CAUSE exists for designating these materials as confidential

6  in order for the County of Orange officials to comply with the principles expressed

7  in Attorney General Opinion Number 99-503, 82 Op. Atty Gen. Cal. 246, as well as

8  to protect the privacy rights of the peace officers in their personnel files and the

9  privacy rights of third parties not subject to this litigation and to protect the security

10  within the jail.

11

12  **IT IS SO STIPULATED.**

13

14  DATED: September __, 2011          **LAW OFFICES OF VINCENT J. TIEN**

15

16                                 By: _____

17                                 **VINCENT J. TIEN**
                               Attorney for Plaintiff

18

19            Oct
DATED: ~~September~~ 6, 2011      **LYNBERG & WATKINS**

20                                 A Professional Corporation

21

22                                 By: _____

23                                 **NORMAN J. WATIKINS**
                               **SHANNON L. GUSTAFSON**

24                                 Attorneys for Defendants

25                      **IT IS SO ORDERED.**

26                      DATED: October 11, 2011

27

28                      _Alicia G. Rosenberg_
                    UNITED STATES MAGISTRATE JUDGE

5

**STIPULATION AND [PROPOSED] ORDER FOR PROTECTIVE ORDER**